UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD, | No. 2:19-cv-00965-KJM-CKD-P |
| Plaintiff, | |
| v. | ORDER |
| A. VALENCIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.     Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

The events giving rise to the allegations in the complaint occurred while plaintiff was housed at the California Medical Facility in Vacaville ("CMF"). The complaint covers a time span from January 2018 until April 2019. Plaintiff names three correctional counselors, one appeals coordinator, and the chief deputy warden at CMF as defendants in this action. Attached

to plaintiff's complaint are over 100 pages of exhibits which the court has reviewed as part of its duty to screen the complaint. ECF No. 1 at 36-138; see also 28 U.S.C. § 1915A.

Plaintiff's allegations and the documents attached to the pleading may be fairly categorized into three separate causes of action. First, plaintiff alleges a First Amendment retaliation claim against defendants A. Valencia and R. Guitierez. See ECF No. 1 at 22-23. Specifically, plaintiff asserts that defendant Valencia threatened to discharge him from the Intermediate Care Facility (ICF) if he did not withdraw his CDCR 602 grievance. See ECF No. 1 at 12-13; 16-17. Plaintiff further alleges that defendant Guitierez had plaintiff transferred to the High Custody Intermediate Treatment Program at CMF in retaliation for plaintiff's filing of a reasonable accommodation request for his mental illness. ECF No. 1 at 12. As a result of these threats, plaintiff abandoned his 602 grievance. ECF No. 1 at 22.

Next, plaintiff alleges that defendants M. Boucher, C. Pompey, R. Guitierez, and A. Valencia were deliberately indifferent to his mental health needs in violation of the Eighth Amendment. See ECF No. 1 at 24-27.[1] Plaintiff contends that defendants Boucher, Pompey, Guitierez, and Valencia were deliberately indifferent when they recommended that he be placed in a multi-person cell which they knew would "deny him access to serious specialized/adequate mental health treatment." ECF No. 1 at 24.

Lastly, plaintiff raises a Fourteenth Amendment due process claim against R. Guitierez, A. Valencia, and N. Counture based on his atypical confinement that caused him significant hardship contrary to the ordinary instances of prison life. ECF No. 1 at 27-29.[2] In this cause of action, plaintiff alleges that defendant Guitierez placed him on "DPS" status from November 16, 2018 until April 23, 2019 which prevented him from accessing the exercise yard, law library, the law library electronic delivery system, religious services, the dayroom, as well as individual and group therapy. ECF No. 1 at 27-28. During this time period, plaintiff was restricted to his cell 24

---

[1] Plaintiff also alleges that A. Sands violated his Eighth Amendment right to adequate mental health treatment. See ECF No. 1 at 26. However, plaintiff does not identify A. Sands as a defendant in this action.

[2] Once again, plaintiff alleges that A. Sands conspired with defendant Guitierez to violate plaintiff's Fourteenth Amendment due process rights, but this individual is not named as a defendant.

3

hours a day with the exception of a 15-minute shower every-other-day if staff was available. Id. According to the complaint, defendant Valencia conspired with defendant Guitierez to continue plaintiff's "DPS" status. ECF No. 1 at 28. Defendant Counture failed to adequately prepare for and assist plaintiff at his Unit Classification Committee hearing ("UCC") on February 29, 2019 and March 5, 2019. ECF No. 1 at 17-18, 28-29.

By way of relief, plaintiff seeks injunctive relief as well as compensatory and punitive damages. See ECF No. 1 at 33.

### III. Analysis

The court has conducted the required screening and finds that plaintiff may proceed on the First Amendment retaliation claims against defendants Valencia and Guitierez; the Eighth Amendment deliberate indifference claims against defendants Valencia, Guitierez, Boucher, and Pompey; and, the Fourteenth Amendment due process claim against defendant Guitierez.

However, plaintiff fails to properly plead a Fourteenth Amendment due process claim against defendant Valencia based on a purported conspiracy. To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights. Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy. Id. "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989) ).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must set forth "the grounds of his entitlement to relief[,]"

which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." Id.

The allegations in the present complaint concerning a purported conspiracy between defendants Valencia and Guitierez are entirely conclusory. Plaintiff does not allege any facts that would support an inference of an agreement between defendants Valencia and Guitierez. Therefore, the court finds that the allegations in the complaint fail to state a cognizable conspiracy claim against defendant Valencia. This claim will be dismissed with leave to amend should plaintiff be able to allege sufficient facts to properly plead a civil conspiracy.

Additionally, there are no allegations in the complaint that defendant Counture's conduct amounted to a violation of any constitutional right. "Section 1983 ... creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). A violation of a prison regulation, which is not itself challenged as unconstitutional, does not provide a basis for liability. Sandin v. Conner, 515 U.S. 472, 481–82 (1995) (stating that a "prison regulation [is] primarily designed to guide correctional officials in the administration of a prison" and is "not designed to confer rights on inmates...."). Thus, defendant Counture's failure to comply with CDCR regulations governing staff assistance to an inmate are not actionable. Accordingly, defendant Counture is dismissed from the complaint with leave to amend.

**IV.     Leave to Amend**

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not. You may choose to file an amended complaint to try to fix these problems. You must decide if you want to (1) proceed immediately on your First, Eighth, and Fourteenth Amendment claims against defendants Valencia, Guitierez, Boucher, and Pompey or (2) try to amend the complaint to fix the problems identified by the court in this order as to the remaining defendant and claims.

Once you decide, you must complete the attached Notice of Election form by checking only one of the appropriate boxes and returning it to the court. Once the court receives the Notice of Election, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the complaint).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion to file a complaint by mail (ECF No. 3) is denied as moot based on plaintiff's May 28, 2019 filing of the complaint which initiated this action.

4. Defendant Counture is dismissed from the complaint with leave to amend for failing to

state a claim.

5. The Fourteenth Amendment due process claim against defendant Valencia is dismissed with leave to amend for the reasons stated in this order.

6. Plaintiff has the option to proceed immediately on the First, Eighth, and Fourteenth Amendment claims identified in this order against defendants Valencia, Guitierez, Boucher, and Pompey, or plaintiff may choose to amend the complaint.

7. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

Dated: July 11, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/spri0965.1.option.docx

<pre>
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   CIRON B. SPRINGFIELD,              No. 2:19-cv-00965-KJM-CKD-P
12              Plaintiff,
13        v.                            NOTICE OF ELECTION FORM
14   A. VALENCIA, et al.,
15              Defendants.
16
</pre>

**Choose ONLY ONE OPTION listed below by placing an "X" in front of the number.**

**Do NOT make any additions or changes to this form.**

**Return ONLY THIS FORM with no attachments.**

\_\_\_\_\_ 1).   Proceed immediately on the current complaint as screened by the court.

   **OR**

\_\_\_\_\_ 2).   Delay the case by changing the complaint in any way.


DATED:


                                    _____
                                              Plaintiff

1