1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CIRON B. SPRINGFIELD,                    No.  2:19-cv-00965-KJM-CKD P

12                   Plaintiff,

13         v.                                  FINDINGS AND RECOMMENDATIONS

14    A. VALENCIA, et al.,

15                   Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this federal civil

18    rights action filed pursuant to 42 U.S.C. § 1983.  The case settled on January 29, 2020, but

19    plaintiff has filed a Rule 60(b) motion seeking to reopen the case based on alleged fraud,

20    misrepresentation, and misconduct related to the use of the settlement proceeds to pay plaintiff's

21    outstanding filing fees in this case as well as other civil cases.

22    **I.      Factual and Procedural Background**

23         Plaintiff was granted leave to proceed in forma pauperis which allowed him to litigate the

24    case without prepayment of the $350 filing fee pursuant to 28 U.S.C. § 1915(a).  ECF No. 7.

25    Pursuant to Section 1915(b), however, plaintiff was obligated to pay the full filing fee through an

26    initial partial payment and subsequent monthly payments of 20% of the preceding month's

27    income in his trust account.  See ECF No. 8.

28         Plaintiff understood "that only 20% of the settlement proceeds would be deducted and

1

1    used to pay plaintiff['s] PLRA (Prison Litigation Reform Act) fee's [sic]."  ECF No. 32 at 3.  As

2    a result, plaintiff signed the stipulation for voluntary dismissal which was entered on January 30,

3    2020.  Id.  However, the California Department of Corrections and Rehabilitation ("CDCR")

4    deducted "99.9% of the… settlement proceeds to pay plaintiff['s] PLRA fee's [sic]."  ECF No. 32

5    at 3.  Plaintiff only received $10 out of the $4,000 agreed upon settlement amount.  Id.  Plaintiff

6    attached an Inmate Statement Report  demonstrating that a $4,000 deposit was made on April 23,

7    2020.  ECF No. 32 at 14.  On May 1, 2020, twelve separate deductions were made from

8    plaintiff's inmate trust account totaling $3,990.00.  Id.  Each of the deductions was used to pay

9    PLRA filing fees in twelve separate cases and appeals therefrom.  Id.  Another initial PLRA fee

10   of $.85 was deducted from plaintiff's trust account on May 12, 2020, leaving a total available

11   balance of $10.54 which included an interest payment.  Id.

12        On May 15, 2020, plaintiff filed a motion to reopen this case pursuant to Rule 60(b) of the

13   Federal Rules of Civil Procedure.  ECF No. 32.  In his Rule 60(b) motion, plaintiff asserts that his

14   understanding of the terms of the settlement was induced by defendant's "acts of fraud,

15   misrepresentation, and misconduct."  ECF No. 32 at 4.  Specifically, plaintiff contends that

16   defendants "fabricated documents to make it appear that [p]laintiff would receive a portion of his

17   settlement…," but ultimately knew that he would not receive the proceeds due to his outstanding

18   court fees.  ECF No. 32 at 5.  Plaintiff does not specify what documents were altered.  By way of

19   relief, plaintiff requests that the case be reopened or, in the alternative, that the appropriate

20   amount of settlement proceeds be placed in his prison trust account.  ECF No. 32 at 6.

21        In their opposition to plaintiff's motion, defendants assert that the court lacks jurisdiction

22   to decide the motion because the court did not retain jurisdiction over the case as part of the

23   settlement agreement.  ECF No. 38 at 2-3.  Even assuming that the court has jurisdiction,

24   defendants further argue that they have not failed to pay the agreed upon settlement amount or

25   otherwise violated any terms of the written settlement agreement.  ECF No. 38 at 3.  Defendants

26   contend that plaintiff has failed to meet his burden of demonstrating any fraud, misrepresentation,

27   or misconduct that would warrant granting his Rule 60(b) motion because he was not promised

28   any particular amount of settlement proceeds that would remain in his prison trust account after

2

1   outstanding filing fees were paid.  ECF No. 38 at 3-5.  Reviewing the statement from plaintiff's

2   inmate trust account, defendants submit that "the deduction of 20 percent of the $4,000 settlement

3   amount (up to $800 for each case) was applied to each of the thirteen outstanding court filing fees

4   that Plaintiff owed."  ECF No. 38 at 4.

5         **II.**      **Legal Standards**

6         "On motion and just terms, the court may relieve a party or its legal representative from a

7   final judgment, order, or proceeding for…  fraud (whether previously called intrinsic or

8   extrinsic), misrepresentation, or misconduct by an opposing party…."  Fed. R. Civ. P. 60(b)(3).

9   In order to prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and

10  convincing evidence that the verdict was obtained through fraud, misrepresentation, or other

11  misconduct and the conduct complained of prevented the losing party from fully and fairly

12  presenting the defense."  Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting

13  De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000)).

14        **III.**      **Analysis**

15        First and foremost, this court lacks jurisdiction over plaintiff's 60(b) motion because the

16  settlement agreement did not include any provision that the court would retain jurisdiction over

17  the matter.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994)

18  (holding that the district court lacked jurisdiction over a motion to enforce settlement following

19  entry of a stipulated dismissal with prejudice where there was no provision in the settlement

20  agreement retaining jurisdiction, and the settlement agreement was not incorporated into the order

21  dismissing with prejudice).  When a district court dismisses an action with prejudice pursuant to a

22  settlement agreement, federal jurisdiction usually ends.  O'Connor v. Colvin, 70 F.3d 530, 532

23  (9th Cir. 1995) (vacating district court order enforcing a settlement agreement based on lack of

24  jurisdiction).  This court lacks subject matter jurisdiction over an alleged breach of the settlement

25  agreement where the parties did not incorporate any provision to retain jurisdiction over this

26  matter.  Kokkonen, 511 U.S. at 381-382; see also Kelly v. Wengler, 822 F.3d 1085, 1095 (9th

27  Cir. 2016) (finding that the district court retained jurisdiction where the settlement agreement was

28  incorporated into the court's dismissal order).  For this reason alone, the undersigned

1    recommends denying plaintiff's motion.

2          Secondly, even if this court did have jurisdiction, plaintiff has failed to demonstrate any

3    fraud or misrepresentation that induced him into signing the settlement agreement. The record

4    demonstrates that the settlement agreement which referenced deductions in the amount of 20%

5    were for each outstanding case and were not a total cap on the amount that CDCR could deduct

6    from the settlement proceeds.  See Bruce, 136 S. Ct. 627.  This is especially true in light of the

7    fact that the settlement agreement in this case was a global resolution of ten federal civil rights

8    cases that plaintiff had pending in the Eastern District of California as well as the Central District

9    of California.  ECF No. 38-1 at 7.  Based on the number of cases involved, the settlement judge

10   emphasized that plaintiff has "in this **and the other cases at least up to date** have succeeded in

11   filing an in forma pauperis application, and that has been granted, that you will be assessed… the

12   filing fee of $350 for the case….  So, basically, it's a 20 percent per month until it's paid,

13   assuming you have a balance that's positive, a positive balance, on your books… and that is

14   pursuant to title 28 United States code Section 1915(b)(1)."  ECF No. 38-1 at 8-9 (emphasis

15   added).  The settlement judge further explained that "[a]ny settlement proceeds will be reduced

16   by deductions to cover administrative fees and outstanding restitution balances, if any, and any

17   other fees or costs **owed by plaintiff**."  ECF No. 38-1 at 11-12 (emphasis added).  Plaintiff was

18   never advised that the settlement proceeds would only be reduced by 20% to pay the filing fee in

19   this particular case only.  Rather, he was advised that the 20% deduction applied to all fees that he

20   owed. ECF No. 38-1 at 11-12.  In light of the global settlement reached and the transcript of the

21   settlement hearing, the court is unpersuaded by plaintiff's argument.  The court does not find any

22   factual basis to support plaintiff's motion that the global settlement reached in this case was

23   induced by fraud, misrepresentation, or misconduct.  For all these reasons, the court recommends

24   denying plaintiff's Rule 60(b) motion.

25         Furthermore, plaintiff is advised that CDCR's deductions from his inmate trust account

26   were properly made in accordance with the Supreme Court decision in Bruce v. Samuels, 136 S.

27   Ct. 627 (2016).  In Bruce, the Supreme Court held that "monthly installment payments, like the

28   initial partial payment, are to be assessed on a per-case basis" and that "simultaneous, not

4

sequential, recoupment of multiple filing fees" is required by 28 U.S.C. 1915(b)(2).  Id. at 629-631.  Therefore, the simultaneous deductions from plaintiff's inmate trust account to pay multiple outstanding filing fees were lawful and properly made.  Id.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's motion to reopen pursuant to Rule 60(b) (ECF No. 32) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 16, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/spri0965.60(b).docx

5