UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>   Plaintiff,<br><br>   v.<br><br>A. VALENCIA, et al.,<br><br>   Defendants. | No.  2:19-cv-00965-KJM-CKD P<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case was closed on January 30, 2020 pursuant to a settlement, but plaintiff filed correspondence with the court on February 1, 2021 indicating that he was actively suicidal.  ECF No. 42.  The court construed plaintiff's letter as a motion for immediate injunctive relief and required the Deputy Attorney General to file a response.  ECF No. 43.  The response was filed on February 5, 2021 accompanied by a declaration from Dr. S. Lickiss, a Senior Psychologist Supervisor at Mule Creek State Prison.  ECF Nos. 45, 45-1.

**I.    Legal Standards**

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment."  Sierra On–Line, Inc. v.

1

1  Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  A preliminary injunction represents
2  the exercise of a far-reaching power not to be indulged except in a case clearly warranting it.
3  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard
4  for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the
5  merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
6  balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans,
7  Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council,
8  Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted).  The Ninth Circuit's sliding-scale test
9  for a preliminary injunction has been incorporated into the Supreme Court's four-part Winter's
10 standard.  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining
11 that the sliding scale approach allowed a stronger showing of one element to offset a weaker
12 showing of another element).  "In other words, 'serious questions going to the merits' and a
13 hardship balance that tips sharply towards the plaintiff can support issuance of an injunction,
14 assuming the other two elements of the Winter test are also met."  Alliance, 632 F.3d at 1131-32
15 (citations omitted).  In cases brought by prisoners involving conditions of confinement, any
16 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
17 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
18 correct the harm."  18 U.S.C. § 3626(a)(2).

19 **II.     Analysis**

20 Before addressing the merits of plaintiff's motion, the court notes that it was filed after
21 this case was closed.[1]  Therefore, the court must first determine whether it has ongoing
22 jurisdiction in this matter.  The federal court is a court of limited jurisdiction and may only
23 resolve actual "cases" and "controversies."  U.S. Const. art. III, § 2.  "The absence of either
24 denies a federal court the power to hear a matter otherwise before it."  Rivera v. Freeman, 469
25 F.2d 1159, 1163 (9th Cir. 1972).  As this matter was closed at the time that plaintiff filed his
26 motion for injunctive relief, there is no pending case or controversy.  Therefore, the undersigned

---

[1] Additionally, since the filing of the motion for injunctive relief, plaintiff has initiated a new civil rights action in Springfield v. Axler, Case No. 2:21cv-00336-KJN (E.D. Cal.).

recommends denying plaintiff's motion for immediate injunctive relief based on lack of jurisdiction.

### III.   Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court is unable to grant the relief you requested in your letter because this case is closed.  Therefore, the court does not have jurisdiction to act and the undersigned recommends that your motion for immediate injunctive relief be denied.  If you disagree with this decision, you may file a written explanation why it is wrong within 21 days of the date of this decision.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY ORDERED that a copy of plaintiff's motion be filed as a "Notice" in the new civil rights action of Springfield v. Axler, Case No. 2:21-cv-00336-KJN (E.D. Cal.).

IT IS FURTHER RECOMMENDED that plaintiff's motion for immediate injunctive relief (ECF No. 42) be denied based on lack of jurisdiction.

 These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 2, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/spri0965.F&R.tro.closed.docx